# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| JAMES ROBERT WARD, SR., | ) |
| Plaintiff, | ) |
| v. | ) No. 2:18CV113 ACL |
| RUANNE STAMPS, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff James Robert Ward, Sr.'s motion for reconsideration. The motion will be denied.

## Background

The background of this case is fully set forth in this Court's January 18, 2019 order. However, following is a brief recitation. Plaintiff initiated this civil action on December 12, 2018 by filing a complaint pursuant to 42 U.S.C. § 1983 against Corizon, a doctor, and two nurses, alleging inadequate medical treatment. He sought and was granted leave to proceed *in forma pauperis*. Upon initial review, the Court determined that the complaint failed to state a claim of deliberate indifference against the medical professionals, and failed to state a claim against Corizon. On January 18, 2019, the Court dismissed the action without prejudice.

Plaintiff now moves for reconsideration. In support, he states he lacks legal knowledge. He also asks to be given an unspecified amount of time to gather supporting medical information from unspecified sources "to show that this medical system of Doctor/nursing has wrongfully caused unnecessary and wanton infliction of pain." (Docket No. 19 at 1). However, he states he

cannot get the records "without pay or wait until his release from prison." *Id.* at 2. He asks the Court to reopen his case, and direct him what motions he should be filing.

## Discussion

Plaintiff did not frame his motion under the Federal Rules of Civil Procedure, but it can be considered the functional equivalent of a motion under either Rule 59(e) or 60(b). Rule 59(e) motions "serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence,'" and allow a court to correct its own mistakes in the time immediately following judgment. *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment. *Id.* Rule 60(b) allows the court to relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect. *MIF Realty L.P. v. Rochester Associates*, 92 F.3d 752, 755 (8th Cir. 1996). It "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (internal citation omitted).

The Court has reviewed the motion, and will decline to alter or amend its prior judgment. The motion does not point to any manifest errors of law or fact or any newly discovered evidence, nor does it demonstrate exceptional circumstances warranting relief. Plaintiff is therefore not entitled to reconsideration of the dismissal of this action, and the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration (Docket No. 19) is **DENIED**.

**IT IS HEREBY CERTIFIED** that an appeal of this action would not be taken in good faith.

Dated this 12th day of February, 2019

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE